**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

FIANNA FAMILY DENTISTRY, PLC, individually and on behalf of others similarly situated.

Plaintiff,

v.

MEDEX WASTE INC.

Defendant.

Case No.:

**CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY DAMAGES, AND REQUEST FOR INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

**Preliminary Statement**

1. Plaintiff, Fianna Family Dentistry, PLC, ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, the Defendant sent unsolicited facsimile advertisements promoting their services and products to putative class members, including the Plaintiff Fianna Family Dentistry.

3. Because marketing campaigns generally make solicitations to hundreds or thousands of potential customers *en masse*, Fianna Family Dentistry brings this action on behalf of a proposed nationwide class of other persons who received illegal facsimile transmissions from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff, Fianna Family Dentistry, PLC, resides in this District.

6. Defendant, Medex Waste Inc., is an Arkansas corporation with its principal place of business at 114 W. Cheryl St. in Osceola, AR 72370.

**Jurisdiction & Venue**

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. The Court has personal jurisdiction over the Defendant because they engaged in marketing conduct into this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the facsimile transmissions were sent into this District.

**TCPA Background**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. The TCPA forbids sending unsolicited advertisements for goods or services via facsimile ("Junk Faxes"). 47 U.S.C. § 227(b)(1)(C).

12. The TCPA provides a private right of action to recipients of Junk Faxes. 47 U.S.C. § 227(b)(3).

## Factual Allegations

13. Defendant's business is disposal of biohazardous material, medical and billing records, and other sensitive information that a business may possess.

14. Defendant's business model to generate new customers includes marketing through facsimile advertisements.

15. Recipients of Defendant's Junk Faxes, including Plaintiff, have never consented to receive them and that have no preexisting business relationship with Defendant.

16. Fianna Family Dentistry is a "person" as defined by 47 U.S.C. § 153(39).

17. On June 24, 2021, Defendant sent the Plaintiff a fax advertisement.

18. An image of the advertisement portion of the facsimile transmission is attached as Exhibit A.

19. The fax announced the commercial availability of the Defendant's goods.

20. The fax gives several indications that it was sent by Defendant. For example:

a) It lists the Defendant's website, phone number, fax line and email address.

b) It has the Defendant's logo.

c) It identifies the Defendant's employee who is offering the Defendant's services.

21. The fax advertisement was unsolicited.

22. Plaintiff did not provide permission to Defendant to send it fax advertisements, or faxes at all.

23. Plaintiff has never been a customer of Defendant, nor has it ever been interested in being a customer of Defendant.

24. The fax occupied Plaintiff's fax line, making it unavailable for legitimate communications.

25. The Plaintiff received the fax on a "traditional" fax machine, not through an e-fax service.

26. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were subjected to annoying and harassing faxes that constituted a nuisance, and their fax lines were rendered unavailable for lawful communications.

## Class Action Allegations

27. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

28. The class of persons Plaintiff proposes to represent is tentatively defined as:

> All persons and entities to whom: (a) Defendant and/or a third party acting on Defendant's behalf sent one or more faxes; (b) advertising Defendant's goods or services (d) received on a traditional fax machine (e) at any time in the period that begins four years before the date of filing this complaint and ends at the date of trial.

29. Excluded from the class is Defendant, and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

30. The class as defined above is identifiable through phone records and phone number databases.

31. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

32. Plaintiff is a member of the class.

33. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Who sent the faxes?

    b. Did Defendant send the faxes to make sales?

    c. Did Defendant have a practice of obtaining consent before sending facsimile advertisements?

    d. Where did Defendant get the list of phone numbers and addressees used for the "mail merge"?

    e. Did the faxes violate the TCPA?

    f. Were Defendant's violations knowing or willful?

    g. Should Defendant be enjoined from sending facsimile advertisements?

34. Plaintiff's claims are typical of the claims of class members.

35. Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class, it will fairly and adequately protect the interests of the class, and it is represented by counsel skilled and experienced in class actions, including TCPA class actions.

36. The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

37. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

38. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

39. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA

40. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

41. Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(C), by sending unsolicited advertisements for goods and services via facsimile.

42. Plaintiff and members of the class are entitled to an award of $500 in damages for each violation of the statute or up to $1,500 for each willful or knowing violation. 47 U.S.C. § 227(b)(3).

43. Plaintiff and members of the class are also entitled to and do seek an injunction prohibiting Defendant and all other persons who are in active concert or participation with it from sending facsimile advertisements.

**Relief Sought**

WHEREFORE, Plaintiff, on its own behalf and on behalf of all members of the Class, prays for judgment against Defendant as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that actions complained of herein by Defendant violate the TCPA;

E. An order enjoining Defendant and all other persons who are in active concert or participation with it from sending facsimile advertisements;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: August 25, 2021

/s/ Jason Ryburn
Jason Ryburn
Ryburn Law Firm
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
[o] (501) 228-8100
[f] (501) 228-7300
jason@ryburnlawfirm.com

Anthony I. Paronich (*pro hac vice* to be filed)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com




## SHREDDING

Most businesses have an abundance of paperwork with sensitive informi tion. Just think about the amount of bills, bank statements, medical and credit card information you receieve in the n iail. It's not surprising in this day and age of hackers & dumpster divers, that fraud and identity theft have become a se rious threat. Shred your documents. Don't leave them in the mailbox. Don't throw them in the trash.

## OUR SHREDDING PROCESS

### BUSINESS PICK-UP

**Schedule a pick-up at your convenience.**

**Plastic Bags Accepted**
It makes no difference if your paperwork is in boxes or pl istic bags! Please inform us when you schedule your business pick-up.

**Shred All Sensitive Material**
Don't risk becoming a victim of identity theft. Shred yoı r documents. Don't leave them in the mailbox. Don't throw them in the trash.

**Secure Chain of Custody**
You will have Peace of Mind that your personal informati :n will be destroyed. We want to help you avoid becoming a victim of Identity Theft.

### LOCKED BINS/CONSOLES

**Consoles**
We provide secure lockable, shredding consoles with di :awstring nylon bags.
Pick-up Service

**Pick-Up**
We provide regularly scheduled pick-ups based on youı specific needs.

PLAINTIFF'S EXHIBIT 1

**Transported to Secure Facility**
We bring your documents back to our secure facility.

**We Weigh Documents**
Upon arriving at our facility, all paperwork is weighed & ( :ocumented.

**Certificate of Destruction**
After your project is completed, we will send you an invc :ce along with a Certificate of Destruction that states the exact number of pounds shredded.

**Recycling**
We bale and recycle your shredded paper to help keep :ur environment clean for the next generation.

CALL
870.622.0073

DATE: [illegible]

ATTN: ____________________

Facility: ____________________

Phone: ____________________

Fax: ____________________







**Bio-Medical Waste Proposal**

**Contact: Jordan Brooks**

Phone: (870) 622-0073 Fax: (870) 622-0071

Email: sales@medexwaste.com

Website: www.medexwaste.com

**MedEx Waste Inc. is a biohazardous waste disposal company located in your area! We would like the opportunity to be your *NEXT* provider in 2021-2022.**

**MedEx Waste Inc.**

**$50.00 for 1st box/ $40 each additional- Weekly-Monthly pickup**

**$55.00- per box- Every other month pickup**

**$80.00 per box- Quarterly pickup**

**$150.00 per box- Bi-annual pick up**

- ✓ **No hidden fees/flat rates!**
- ✓ **Qualified:** well-trained team that understands your needs
- ✓ **Quotes:** offer the best price
- ✓ **OSHA**: ask about our OSHA Compliance Training
- ✓ **Pharmaceutical** programs available
- ✓ **Customer service:** talk to real people who understands your problems.
- ✓ **Tracking:** 3-part manifest kept on file for each customer for 3 years
- ✓ **Boxes:** 17 X 17 X 21 (3.6 cubic ft.); **Plastic Brutes:** 28 gallons; **Red bag liners**

**MedEx Paper Shredding**

$50-per console

$35-per bag-Monthly p/u

$45-per bag -Quarterly p/u

Please call for a One Time Purge

For a quote today...

Contact person: ____________________

Phone: ____________ Current contract end date: ____________

Number of locations: ________ Anticipated amount of waste: ____________

Frequency of pick up: ____________________

"Don't sign with the same company that offers you a lower rate to start. Sign with **MedEx Waste**, the company that offers you the best rates from the start!"