UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**FIANNA FAMILY DENTISTRY, PLC**                                                    **PLAINTIFF**

V.                              NO. 2:21-cv-02136-PKH

**MEDEX WASTE, INC.**                                                              **DEFENDANT**

## ANSWER

COMES NOW Defendant, Medex Waste, Inc., by and through counsel, Gibson & Thomas, P.A., and, for its Answer to Plaintiff's Class Action Complaint for Damages, Statutory Damages, and Request for Injunctive Relief ("Complaint"):

1. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies same.

2. Denies the allegations contained in Paragraph 2 of the Complaint.

3. Denies the allegations contained in Paragraph 3 of the Complaint.

4. Denies the allegations contained in Paragraph 4 of the Complaint.

5. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies same.

6. Admits the allegations contained in Paragraph 6 of the Complaint.

7. Admits that jurisdiction and venue are proper and denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Admits that jurisdiction and venue are proper and denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Admits that jurisdiction and venue are proper and denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. In response to the allegations set forth in Paragraph 10 of the Complaint, states that the law speaks for itself and denies all allegations which are contrary to applicable law.

11. In response to the allegations set forth in Paragraph 11 of the Complaint, states that the law speaks for itself and denies all allegations which are contrary to applicable law.

12. In response to the allegations set forth in Paragraph 12 of the Complaint, states that the law speaks for itself and denies all allegations which are contrary to applicable law.

13. Admits the allegations contained in Paragraph 13 of the Complaint.

14. Admits that it sends facsimile communications to prospective customers and denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint.

16. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies same.

17. Admits that it sent Plaintiff the facsimile information attached to the Complaint and denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Admits that it sent Plaintiff the facsimile information attached to the Complaint and denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Admits that it sent Plaintiff the facsimile information attached to the Complaint and denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Admits that it sent Plaintiff the facsimile information attached to the Complaint and denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Denies the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies same.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies that it has committed any wrongful act, denies that any class of wronged parties exists, and denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies that it has committed any wrongful act, denies that any class of wronged parties exists, and denies the allegations contained in Paragraph 28 of the Complaint.

29. Denies that it has committed any wrongful act, denies that any class of wronged parties exists, and denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies that it has committed any wrongful act, denies that any class of wronged parties exists, and denies the allegations contained in Paragraph 30 of the Complaint.

31. Denies that it has committed any wrongful act, denies that any class of wronged parties exists, and denies the allegations contained in Paragraph 31 of the Complaint.

32. Denies that it has committed any wrongful act, denies that any class of wronged parties exists, and denies the allegations contained in Paragraph 32 of the Complaint.

33. Denies that it has committed any wrongful act, denies that any class of wronged parties exists, and denies the allegations contained in Paragraph 33 of the Complaint, and all subparts thereto.

34. Denies that it has committed any wrongful act, denies that any class of wronged parties exists, and denies the allegations contained in Paragraph 34 of the Complaint.

35. Denies that it has committed any wrongful act, denies that any class of wronged parties exists, and, therefore, denies the allegations contained in Paragraph 35 of the Complaint.

36. Denies that it has committed any wrongful act, denies that any class of wronged parties exists, and denies the allegations contained in Paragraph 36 of the Complaint.

37. Denies that it has committed any wrongful act, denies that any class of wronged parties exists, and denies the allegations contained in Paragraph 37 of the Complaint.

38. Denies that it has committed any wrongful act, denies that any class of wronged parties exists, and denies the allegations contained in Paragraph 38 of the Complaint.

39. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, therefore, denies same.

40. In response to the allegations set forth in Paragraph 40 of the Complaint, incorporates its responses to Paragraphs 1 through 39 of the Complaint.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

44. Denies that Plaintiff is entitled to any relief as requested in the "Relief Sought" section of the Complaint and subparts A through H thereto.

45. Joins in Plaintiff's request for a jury trial on all issues so triable.

46. Denies all allegations contained in the Complaint which are not specifically admitted herein.

47. Reserves the right to plead further and reserve all objections, avoidances and defenses, affirmative or otherwise, available under applicable law, including all objections,

avoidances and defenses provided in Rules 8(c), 12(b) and 19 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, Medex Waste, Inc., prays that Plaintiff's Complaint be dismissed; that it be awarded its attorneys' fees, costs and expenses expended herein; and, that it be granted all other proper relief.

Respectfully submitted,

Jeremy M. Thomas
Bar Number 01136
Attorney for Defendant
GIBSON & THOMAS, P.A.
317 W. Hale Ave., P.O. Box 686
Osceola, AR 72370
Phone:. (870) 563-3700
Fax: (870) 563-3714
gibsonandthomas@sbcglobal.net

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on September 21, 2021, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF System which will send notification of such filing to the following attorneys of record:

Jason Ryburn: jason@ryburnlawfirm.com
Anthony I. Paronich: anthony@paronichlaw.com

Jeremy M. Thomas, No 01136